IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHANDLER E. SASO,<br><br>　　　　　Defendant. | Case No. 21-CR-30019-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

　　This matter comes before the Court on a Motion to Compel Counsel to Produce Client File. (Doc. 92). Defendant Chandler Saso seeks a court order requiring his attorney to produce the entirety of his client file. For the reasons set forth below, the motion is denied.

　　On March 27, 2023, Saso pled guilty to two counts: Transportation with Intent to Engage in Criminal Sexual Activity and Sexual Exploitation of a Minor. (Doc. 52). Attorney Ethan Skaggs was appointed to represent Saso on March 3, 2021. (Doc. 17). On December 27, 2023, Saso was sentenced to 300 months of imprisonment along with lifetime supervised release. (Doc. 75). Saso has now moved the Court to compel his former attorney, Ethan Skaggs, to produce his client file. (Doc. 92).

　　The Seventh Circuit has noted that "[t]here is no general constitutional right to discovery in a criminal case...." *United States v. Grier*, 866 F.2d 908, 917 (7th Cir. 1989). The absence of such a right is confirmed by Federal Rule of Criminal Procedure 16(d)(2) which permits district courts discretion in issuing orders compelling

discovery by merely providing that a court may issue such orders. *See United States v. Bastanipour*, 697 F.2d 170, 175 (7th Cir. 1982). "An error in administering the discovery rules is reversible only on a showing that the error was prejudicial to the substantive rights of the defendant." *Id.* (quoting *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978)).

The Court finds that denying Saso's motion does not prejudice his substantive rights. Saso's criminal case is closed, and his appeal has been denied (Doc. 94). Thus, as far as his criminal case is concerned, there is no need for any additional discovery. Saso argues that he requires his case file to file a § 2255 habeas corpus petition. (Doc. 92). A motion to compel in a criminal case is not the proper method to obtain discoverable information for a separate civil case. Saso may seek copies of attorney-client documents directly from his former counsel, and if he believes discovery from the Government is warranted, he may file a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts in which he provides reasons his specific discovery requests are necessary for the § 2255 proceeding.

Defendant Chandler Saso's Motion to Compel (Doc. 94) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 10, 2024

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**